UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TAJI BROWN & TONYA TIMMONS,

          Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ADAM DONEGAN, tax # 934787, UNDERCOVER OFFICER # 20404,

          Defendants.

**FIRST AMENDED COMPLAINT**

CV 11 5446 (SLT) (RML)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiffs bring this civil rights action against the City of New York and New York City Police Officers of the 75th Precinct alleging that, on September 1, 2011, in Brooklyn, defendants violated their rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting them for possession of stolen property and using unreasonable force on them.  Plaintiff Brown also claims defendants denied him a fair trial and maliciously prosecuted him.  The District Attorney's Office dismissed the criminal charge against Brown on speedy trial grounds on November 2, 2011.  The District Attorney's Office declined to prosecute plaintiff Timmons. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiffs' state law claims, notices of claim were duly filed with the City of New York within 90 days of the arrests of plaintiffs, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

## PARTIES

7. Plaintiffs are United States citizen who reside in Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York

9. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

10. On September 1, 2011, at approximately 1:30 p.m., Undercover Officer # 20404, pretending he was a civilian, went into plaintiffs' place of employment, a barber shop located at 575 Riverdale Avenue in Brooklyn, and offered to sell plaintiffs and others an I-phone which the officer insisted was not stolen.

11. Shortly thereafter, Officer Adam Donegan and other officers arrested plaintiffs although plaintiffs had not committed a crime.

12. The defendants, acting in concert, handcuffed plaintiffs excessively tight, causing pain and bruising.

13. Defendants denied plaintiffs' requests to loosen the cuffs.

14. The tightly handcuffed plaintiffs were placed in a van and held for several hours while defendants drove around and conducted additional bogus sting operations.

15. Eventually, plaintiffs were taken to the 75th Precinct.

16. In the precinct, defendant Donegan, with the knowledge and approval of Undercover Officer # 20404, falsely charged plaintiffs with possession of stolen property.

17. The aforesaid allegations were false and were asserted so that plaintiffs would be prosecuted for a crime they did not commit and so defendants could earn overtime compensation and enhance their arrest records.

18. Officers took plaintiff Brown to Brooklyn Central Booking where he was housed under horrible conditions. Plaintiff Timmons was released with a Desk Appearance Ticket on September 2, at approximately 3:00 a.m.

19. While plaintiff Brown was incarcerated in Brooklyn Central Booking, defendant Donegan, with the knowledge and approval of Undercover Officer # 20404,

3

misrepresented to the Kings County District Attorney's Office that Brown was found in possession of stolen property.

20. As a result of this misrepresentation, criminal proceedings were instituted against Brown for attempted possession of stolen property.

21. Brown was arraigned in Criminal Court approximately 24 hours after his arrest and released on his own recognizance.

22. Brown went to court approximately two times after his arraignment.

23. The District Attorney's Office dismissed the criminal charge filed against Brown on speedy trial grounds on November 2, 2011. Prosecutors declined to prosecute Timmons who went to court on the return date specified on the Desk Appearance Ticket.

24. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs suffered an unlawful detention, emotional distress, fear, anxiety, humiliation and pain and physical injuries to their wrists

## FIRST CLAIM
## (FALSE ARREST)

25. Plaintiffs repeat the foregoing allegations.

26. At all relevant times, plaintiffs did not commit a crime or violation.

27. Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

28. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

29. Plaintiffs repeat the foregoing allegations.

30. Defendants' use of force upon plaintiffs or their failure to intervene to prevent the use of force on them was objectively unreasonable and caused plaintiffs pain and injury.

31. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

32. Plaintiffs repeat the foregoing allegations.

33. Defendants misrepresented to the Kings District Attorney's Office that plaintiff Brown committed a crime.

34. Defendants' misrepresentations deprived Brown of liberty in that he was required to make court appearances after the misrepresentation was made.

35. Accordingly, the defendants are liable to plaintiff Brown under the Sixth Amendment for denying him a fair trial.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION)

36. Plaintiffs repeat the foregoing allegations.

37. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff Brown committed a crime and commenced a criminal case against him.

38. Defendants' motivation was to have Brown prosecuted for a crime he did not commit, to obtain overtime compensation and to increase their arrest numbers.

39. Defendants' misrepresentations deprived Brown of liberty in that he was required to make court appearances after his arraignment.

40. The criminal case filed against Brown was ultimately dismissed.

41. Accordingly, the defendants are liable to Brown under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

42. Plaintiffs repeat the foregoing allegations.

43. Each defendant had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they each failed to intervene to protect plaintiffs.

44. Accordingly, the defendants are liable to plaintiffs under the Constitution for not intervening to prevent the violation of plaintiff's rights.

## SIXTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

45. Plaintiffs repeat the foregoing allegations.

46. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

47. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

48. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have

previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

49. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

50. For example, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

51. Moreover, in 2011, former NYPD narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

52. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

53.. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

54. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

55. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

## SEVENTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

56. Plaintiffs repeat the foregoing allegations.

57. At all relevant times, plaintiffs did not commit a crime or violation.

58. Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

59. Accordingly, the defendants are liable to plaintiffs under New York state law for false arrest.

## EIGHTH CLAIM

### (ASSAULT)

60. Plaintiffs repeat the foregoing allegations.

61. Defendants' tight handcuffing and searches of plaintiffs placed them in fear of imminent harmful and offensive physical contacts which injured them.

62. Accordingly, the defendants are liable to plaintiffs under New York state law for assault.

## NINTH CLAIM

### (BATTERY)

63. Plaintiffs repeat the foregoing allegations.

64. Defendants' tight handcuffing and searches of plaintiffs were offensive and nonconsensual physical contacts which injured them.

65. Accordingly, the defendants are liable to plaintiffs under New York state law for battery.

## TENTH CLAIM

### (MALICIOUS PROSECUTION)

66. Plaintiffs repeat the foregoing allegations.

67. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff Brown had committed a crime and commenced a criminal case against him.

68. Defendants' motivation was to have Brown prosecuted for a crime he did not commit, to obtain overtime compensation and to increase their arrest numbers.

69. The criminal case filed against Brown was ultimately dismissed.

70. Accordingly, the defendants are liable to Brown under New York state law for malicious prosecution.

## ELEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

71. Plaintiffs repeat the foregoing allegations.

72. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted, battered and maliciously prosecuted Brown and falsely arrested, assaulted and battered Timmons.

73. Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for the aforesaid torts.

WHEREFORE, plaintiffs demand the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

        c.      Attorney's fees and costs;

        d.      Such other and further relief as the Court may deem just and proper.

DATED:      February 9, 2012

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391